1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  P. Kellie C. Brimberry,        )   CV 13-00127 RSWL (AJWx)
                                    )
12                    Plaintiff,    )   **ORDER RE: COUNTER-**
                                    )   **DEFENDANT P. KELLIE C.**
13            v.                    )   **BRIMBERRY'S MOTION FOR**
                                    )   **SUMMARY JUDGMENT** [25]
14                                  )
    The Northwestern Mutual         )
15  Life Insurance Company, and     )
    Does 1 through 50,              )
16  inclusive                       )
                                    )
17                    Defendant.    )
                                    )
18  _____)
                                    )
19  The Northwestern Mutual         )
    Life Insurance Company, a       )
20  Wisconsin corporation,          )
                                    )
                                    )
21            Counter-Claimants,    )
                                    )
22            v.                    )
                                    )
23  P. Kellie C. Brimberry, an      )
    individual; Fiduciary Trust     )
24  International of                )
    California, a California        )
25  corporation; and Does 1         )
    through 10, inclusive,          )
26                                  )
              Counter-Defendants.   )
27  _____)

28

                              1

1      Currently before the Court is Counter-Defendant P.

2  Kellie C. Brimberry's Motion for Summary Judgment [25].

3  The Court, having reviewed all papers submitted

4  pertaining to this Motion, **NOW FINDS AND RULES AS**

5  **FOLLOWS:** The Court **DENIES** Counter-Defendant's Motion

6  for Summary Judgment.

7                      **I. BACKGROUND**

8      P. Kellie C. Brimberry ("Mrs. Brimberry")

9  instigated the present Action against The Northwestern

10  Mutual Life Insurance Company ("Northwestern") and Does

11  1 through 50 for failure to pay benefits due to Mrs.

12  Brimberry under two life insurance policies

13  ("Policies") belonging to her late husband, Kurt

14  Brimberry [1].  Prior to Mr. Brimberry's death in 2012,

15  Northwestern issued the Policies to Mr. Brimberry,

16  specifying that in the event of his death, the

17  Policies' benefits would be given to a beneficiary as

18  designated by Mr. Brimberry.  Statement of

19  Uncontroverted Facts ## 2, 3.  Mr. Brimberry died in

20  August 2012 of unknown causes.  Id. at # 15.  At the

21  time of his death, the Policies provided a net benefit

22  of $3,501,691.46, and the sole designated beneficiary

23  under both Policies was Mrs. Brimberry.  Id. at ## 4,

24  5.  On August 31, 2012, Mrs. Brimberry notified

25  Northwestern of a claim for benefits under the

26  Policies.  Id. at # 6.

27      While investigating Mrs. Brimberry's claim,

28  Northwestern was contacted by counsel for Fiduciary

Trust International of California ("Fiduciary"), the
company for which Mr. Brimberry worked from November
2001 until his termination on August 14, 2012.  Dkt. #
3, ¶ 14; Statement of Uncontroverted Facts # 7.
Fiduciary's counsel asserted that Fiduciary had an
interest in the benefits payable under Mr. Brimberry's
two Northwestern Policies because Mr. Brimberry had
embezzled funds from Fiduciary during his employment
there and had used the embezzled funds to pay some, if
not all, of the Policies' premiums.  <u>Id.</u>  On November
29, 2012, Fiduciary's counsel wrote to Northwestern on
behalf of both Fiduciary and Mrs. Brimberry, making a
joint demand that Northwestern stay further processing
of their adverse claims to benefits while Fiduciary and
Mrs. Brimberry attempted to informally resolve their
competing claims.  Dkt. # 3, ¶ 17.

     On December 5, 2012, Mrs. Brimberry instigated the
present Action against Northwestern for failure to pay
benefits due to her under the Policies [1].
Northwestern, in turn, filed a Counterclaim in
Interpleader against Mrs. Brimberry, Fiduciary, and
Does 1 through 10, alleging that Northwestern was
unable to determine whether Mrs. Brimberry or Fiduciary
was entitled to the policy benefits [3].  Mrs.
Brimberry and Northwestern subsequently stipulated to
the dismissal of Mrs. Brimberry's Complaint against
Northwestern [23, 24], leaving only Northwestern's
Counterclaim in Interpleader against Mrs. Brimberry and

Fiduciary.   Mrs. Brimberry presently moves for summary judgment as to Fiduciary's adverse claim to the policy benefits [25], arguing that Fiduciary's "existing vague and unsubstantiated claim is insufficient to serve as a legitimate interpleader claim."  Mot. 1:15-16.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is "material" for purposes of summary judgment if it might affect the outcome of the suit, and a "genuine issue" exists if the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The evidence, and any inferences based on underlying facts, must be viewed in the light most favorable to the opposing party. <u>Twentieth Century-Fox Film Corp. v. MCA, Inc.</u>, 715 F.2d 1327, 1329 (9th Cir. 1983).

Where the moving party does not have the burden of proof at trial on a dispositive issue, the moving party may meet its burden for summary judgment by showing an "absence of evidence" to support the non-moving party's case.  <u>Celotex v. Catrett</u>, 477 U.S. 317, 325 (1986).

The non-moving party, on the other hand, is required by Fed. R. Civ. P. 56(c) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.  <u>Id.</u> at 324.

Conclusory allegations unsupported by factual allegations are insufficient to create a triable issue of fact so as to preclude summary judgment. <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993). A non-moving party who has the burden of proof at trial must present enough evidence that a "fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." <u>Anderson</u>, 477 U.S. at 255.

In ruling on a motion for summary judgment, the Court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists. <u>Anderson</u>, 477 U.S. at 255.

### III. ANALYSIS

**A.  The Parties' Evidentiary Objections**

As a preliminary matter, the Court addresses the Parties' evidentiary objections. Fiduciary objects to the Declaration of Mrs. Brimberry on various grounds [31], including lack of foundation, lack of personal knowledge, and legal conclusion. <u>See</u> Fiduciary Objections 2:6-3:2.

As succinctly stated by the Eastern District of California,

[S]tatements based on speculation, improper legal conclusions, personal knowledge, or argumentative statements are not *facts* and can only be considered as arguments, not as facts, on a motion for summary judgment. Instead of challenging the admissibility of this evidence,

5

lawyers should challenge its sufficiency.
Objections on any of these grounds are
superfluous, and the court will overrule them.
Century 21 Real Estate LLC v. All Prof'l Realty, Inc.,
889 F. Supp. 2d 1198, 1215 (E.D. Cal. 2012) (emphasis
in original).  See also Ditton v. BNSF Ry. Co., No. CV
12-6932 JGB (JCGx), 2013 WL 2241766 at *4 (C.D. Cal.
May 21, 2013).  Specifically, as to Fiduciary's "lack
of foundation" objection to Mrs. Brimberry's statement
that her husband purchased life insurance policies from
Northwestern (see Fiduciary Objections 2:13-14), this
objection is not well-taken, given that Fiduciary does
not actually contest the fact that Mr. Brimberry did
purchase two life insurance policies from Northwestern.
Accordingly, based on the foregoing, the Court
**OVERRULES** Fiduciary's evidentiary objections.

Mrs. Brimberry asserts her own set of objections to
Fiduciary's evidence, primarily focused on the
Declaration of J. Chisholm Lyons, but also addressing
the Declarations of Catherine A. Conway and Debra Wong
Yang [35-3, 35-4].  Mrs. Brimberry objects to these
declarations on numerous grounds, including that they
contain statements lacking hearsay and personal
knowledge; statements that are irrelevant,
argumentative, and more prejudicial than probative;
statements that constitute hearsay and lay opinion; and
statements that violate the best evidence rule.
As to Mrs. Brimberry's personal knowledge,

1  irrelevance, and argumentative objections, the Court

2  **OVERRULES** these objections pursuant to the legal

3  authority stated above.  See <u>Ditton</u>, 2013 WL 2241766 at

4  *4; <u>Century 21</u>, 889 F. Supp. 2d at 1215.

5       With regard to her best evidence, lack of

6  foundation, and hearsay objections, "[a] declaration

7  used to support or oppose a motion [for summary

8  judgment] must . . . set out facts that *would be*

9  *admissible* in evidence."  Fed. R. Civ. P. 56(c)(4)

10  (emphasis added).  "On summary judgment, the non-moving

11  party's evidence need not be in a form that *is*

12  admissible at trial. . . . as long as a party submits

13  evidence which, regardless of its form, *may be*

14  admissible at trial . . . ."  <u>Atkinson v. Kofoed</u>, No.

15  NIV S-06-2652 RRB EFB P, 2008 WL 508410 at *2 (E.D.

16  Cal. Feb. 22, 2008) (citing <u>Burch v. Regents of the</u>

17  <u>Univ. of Cal.</u>, 433 F. Supp. 2d 1110, 1119 (E.D. Cal.

18  2006), <u>report & recommendation adopted</u>, No. 2:06-cv-

19  02652-JKS-EFB, 2008 WL 4186150 (E.D. Cal. Sept. 10,

20  2008).  Because Fiduciary does not rely on evidence

21  which, on its face, presents evidentiary obstacles that

22  would prove insurmountable at trial, the Court

23  **OVERRULES** Mrs. Brimberry's best evidence, lack of

24  foundation, and hearsay objections.  See <u>Olenicoff v.</u>

25  <u>UBS AG</u>, No. SACV 08-1029 AG (RNBx), 2012 WL 1192911 at

26  *7 (C.D. Cal. April 10, 2012); <u>Alvarez v. T-Mobile USA,</u>

27  <u>Inc.</u>, No. CIV. 2:10-2373 WBS, 2011 WL 6702424 (E.D.

28  Cal. Dec. 21, 2011).

Similarly, the Court **OVERRULES** Mrs. Brimberry's objections to statements whose probative value is purportedly "outweighed by . . . unfair prejudice." Fed. R. Evid. 403. In the summary judgment context, a court need not exclude evidence for danger of unfair prejudice, confusion of issues, or any of the other grounds outlined in Federal Rule of Evidence 403. Bafford v. Travelers Cas. Ins. Co. of Am., No. CIV. S-11-2474 LKK/JKM, 2012 WL 5465851 at *8 (E.D. Cal. Nov. 8, 2012).

Lastly, the court **OVERRULES** Mrs. Brimberry's "lay opinion" objection to Mr. Lyons' statement that Fiduciary would have terminated Mr. Brimberry's employment earlier than August 14, 2012, had Fiduciary known of Mr. Brimberry's "fraudulent" conduct. Lyons Decl. ¶ 12. Mr. Lyons, as the Executive Vice President of Business Development and Marketing at Fiduciary, does not appear to be giving his "opinion" on this issue so much as making a statement on what Fiduciary actually would have done under a different set of facts. Accordingly, Mrs. Brimberry's objection to this statement is **OVERRULED**.

B.  **Mrs. Brimberry's Motion for Summary Judgment**

1.  Subject Matter Jurisdiction

First addressing Mrs. Brimberry's argument that the Court lacks subject matter jurisdiction in this case, the Court finds that Mrs. Brimberry's argument is without merit. Northwestern asserted its Counterclaim

1  in Interpleader pursuant to Federal Rule of Civil
2  Procedure 22, claiming that the Court had subject
3  matter jurisdiction because (1) there was complete
4  diversity of citizenship between the stakeholder,
5  Northwestern, on the one hand, and the counter-
6  defendants, Mrs. Brimberry and Fiduciary, on the other
7  hand, and (2) the amount in controversy exceeded
8  $75,000 [33].  These facts are precisely the kind upon
9  which diversity jurisdiction is based for interpleader
10 under Rule 22.  See Lee v. W. Coast Life Ins. Co., 688
11 F.3d 1004, 1008 n.1 (9th Cir. 2012); Gelfren v.
12 Republic Nat'l Life Ins. Co., 680 F.2d 79, 81 n.1 (9th
13 Cir. 1982); Liberty Life Assurance Co. v. Ramos, No.
14 CV-11-156-PHX-LOA, 2012 WL 10184 at *2 (D. Ariz. Jan.
15 3, 2012).  As such, the Court has proper subject matter
16 jurisdiction in this case.

17     2.  Abstention

18     Mrs. Brimberry also urges the Court to defer to
19 "parallel" proceedings currently pending in state Court
20 and to abstain from asserting jurisdiction in this
21 case.  Under Colorado River Water Conservation District
22 v. United States, 424 U.S. 800, 813 (1976), and a
23 subsequent line of cases (e.g., Moses H. Cone Mem'l
24 Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 19 (1983)),
25 a federal court may stay a federal case in favor of a
26 related state case "in exceptional circumstances."
27 Scotts Co. LLC v. Seeds, Inc., 688 F.3d 1154, 1158 (9th
28 Cir. 2012).  "Although courts usually avoid duplicative

litigation when similar cases are pending in two
different *federal* courts, '[g]enerally, as between
state and federal courts, the rule is that the pendency
of an action in the *state* court is no bar to
proceedings concerning the same matter' in a federal
court." R.R. St. & Co. Inc. v. Transport Ins. Co., 565
F.3d 966, 974-75 (9th Cir. 2011) (emphasis and
alteration in original) (quoting Colorado River, 424
U.S. at 817). It is well established that only
"exceptional" cases and "the clearest of
justifications" support dismissal of a federal case in
favor of a related state case. Id. at 978. Given the
"virtually unflagging obligation of the federal courts
to exercise the jurisdiction given them" (Colorado
River, 424 U.S. at 817), the Ninth Circuit has
recognized eight different factors that a court must
balance prior to staying or dismissing a federal case
(R.R. St. & Co., 565 F.3d at 978-79), "with the balance
heavily weighted in favor of the exercise of
jurisdiction." Mercury Const. Corp., 460 U.S. at 16
(1983).

Given that Mrs. Brimberry did not argue for the
Court's abstention in her moving papers and only raised
the abstention argument in her Reply, the Court need
not consider this argument. See Cedano-Viera v.
Ashcroft, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ;
Thompson v. Comm'r of Internal Revenue, 631 F.2d 642,
649 (9th Cir. 1980); United States ex rel. Giles v.

<u>Sardie</u>, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000).
Furthermore, even if the Court were to consider Mrs.
Brimberry's abstention argument, her curt analysis has
not demonstrated that this is an "exceptional" case
that clearly justifies dismissal pursuant to <u>Colorado</u>
<u>River</u>, let alone that the two cases are actually
duplicative of one another.  As such, the Court finds
that abstention is not warranted here.

     3.  <u>Prejudgment Attachment</u>

     Mrs. Brimberry asserts in her moving papers that
Fiduciary is using the procedure of interpleader to
constructively effect a prejudgment attachment,
essentially "block[ing] the payment of over $3.5
million in insurance proceeds" to Mrs. Brimberry.  Mot.
6:18.  Relying on one case from the California Court of
Appeal and two district court cases from outside this
Circuit, Mrs. Brimberry suggests that Fiduciary has
managed to "hold over $3.5 million hostage" through the
improper use of interpleader.  <u>Id.</u> at Part IV.A.
However, the cases upon which Mrs. Brimberry relies are
not on point here because they address actions in which
there was no basis for the claimants to assert
interpleader claims to the particular funds at issue.
<u>See</u> <u>Downing v. Goldman Phipps PLLC</u>, No. 4:13CV206 CDP,
2013 WL 1991531 at *8 (E.D. Mo. May 13, 2013); <u>Ctr.</u>
<u>Partners Mgmt., Ltd. v. Cache, Inc.</u>, 657 F. Supp. 48,
49 (S.D. Fla. 1986); <u>City of Morgan Hill v. Brown</u>, 71
Cal. App. 4th 1114, 1125-26 (1999).  By way of

contrast, Fiduciary *does* appear to have a basis for its
claim to the policy benefits that are the subject of
this Action.   The case law upon which Fiduciary relies
suggests that if payments for the insurance premiums
can be traced to funds wrongfully obtained from
Fiduciary, then the fruit of such payments is held in
constructive trust for the benefit of Fiduciary.   See
Church v. Bailey, 90 Cal. App. 2d 501, 504 (1949);
Brodie v. Barnes, 56 Cal. App. 2d 315, 323 (1942).   See
also Brown v. N.Y. Life Ins. Co., 152 F.2d 246, 250
(9th Cir. 1945).   As such, Mrs. Brimberry has not
demonstrated that interpleader is being improperly used
in this case to effect a prejudgment attachment.

The argument in Mrs. Brimberry's Reply regarding
prejudgment attachment is similarly unpersuasive
because the legal authority upon which she relies there
deals exclusively with the use of *lis pendens* in real
property cases (see B.J. Assocs. v. Superior Court, 75
Cal. App. 4th 952, 969-70 (1999); Westbrook v. Superior
Court, 176 Cal. App. 3d 703, 714-15 (1986)) and the use
of constructive trusts to secure the payment of debt to
a creditor (see CHoPP Computer Corp. v. United States,
5 F.3d 1344, 1348-49 (9th Cir. 1993); Universal Marine
Ins. Co v. Beacon Ins. Co., 592 F. Supp. 948, 955
(W.D.N.C. 1984)), neither of which is the case here.
Accordingly, the Court rejects Mrs. Brimberry's
argument regarding prejudgment attachment and finds
that the procedure of interpleader is not being used

12

1 improperly in this case.

2       4.   Genuine Issues for Trial

3       As to Fiduciary's burden of proof for purposes of

4 this Motion, Mrs. Brimberry asserts that Fiduciary has

5 failed to meets its burden of "produc[ing] competent

6 evidence with 'concrete specifics.'"   Reply 2:8-10.

7 Federal Rule of Civil Procedure 56(c) mandates the

8 entry of summary judgment against "a party who fails to

9 make a showing sufficient to establish the existence of

10 an element essential to that party's case, and on which

11 that party will bear the burden of proof at trial."

12 Celotex, 477 U.S. at 322.   Fiduciary asserts that it is

13 entitled to the benefits at issue here via a

14 constructive trust that was imposed upon the Policies'

15 proceeds as a result of Mr. Brimberry's alleged

16 embezzlement from Fiduciary.   Assuming, *arguendo*, that

17 the legal authority upon which Fiduciary relies

18 supports such a claim (see Brown, 152 F.2d at 249-50;

19 Bailey, 90 Cal. App. 2d at 504; Brodie, 56 Cal. App. 2d

20 at 323), Fiduciary must prove at trial that Mr.

21 Brimberry wrongfully obtained money from Fiduciary and

22 that the money Mr. Brimberry used to pay insurance

23 premiums is traceable to his fraudulent conduct.

24       Although Mrs. Brimberry would have the Court

25 believe that "[t]here are no specifics tracing any

26 misappropriated funds to this policy purchase" (Reply

27 2:22), Fiduciary has presented (1) evidence that Mr.

28 Brimberry submitted and received over $100,000 from

Fiduciary under the guise of business expenses in
violation of Fiduciary's policies (see Lyons Decl., Ex.
A), (2) a declaration from Mr. Lyons stating that if
Fiduciary had discovered Mr. Brimberry's fraudulent
activities at an earlier date, Fiduciary "would have
terminated Mr. Brimberry's employment at such earlier
date and would not have paid Mr. Brimberry a salary or
any other compensation or benefits after that date"
(see Lyons Decl. ¶ 12), and (3) a bank statement
reflecting that a payment was made to Northwestern out
of the same account into which Mr. Brimberry's
compensation from Fiduciary was deposited (see id. at
Ex. B).  Additionally, Mr. Lyons attests to two
separate, internal investigations conducted within
Fiduciary, which revealed that Mr. Brimberry engaged in
travel-and-entertainment expense fraud in connection
with expense reimbursement claims and misappropriation
of funds from the account of a Fiduciary client.  See
Lyons Decl. ¶¶ 3, 8.  Based on the factual evidence and
legal authority presented by Fiduciary, the Court finds
that a genuine issue remains for trial, thus defeating
Mrs. Brimberry's Motion for Summary Judgment.  See
Celotex, 477 U.S. at 331 n.2 ("[I]f . . . there is any
evidence in the record from any source from which a
reasonable inference in the [nonmoving party's] favor
may be drawn, the moving party simply cannot obtain a
summary judgment . . . ." (quoting In re Japanese Elec.
Prods. Antitrust Litig., 723 F.2d 238 (3d Cir. 1983))).

14

1

**IV. CONCLUSION**

2      Based on the foregoing, the Court **OVERRULES** the

3 Parties' objections and **DENIES** Mrs. Brimberry's Motion

4 for Summary Judgment.

5

6 **IT IS SO ORDERED.**

7 DATED: August 28, 2013

8

9                          RONALD S.W. LEW

                    _____
10                     **HONORABLE RONALD S.W. LEW**
                    Senior, U.S. District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15