1

2

3

4

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11  P. Kellie C. Brimberry,      )   CV 13-00127 RSWL (AJWx)
                                  )
12                  Plaintiff,    )   **ORDER RE: COUNTER-**
                                  )   **DEFENDANT FIDUCIARY**
13          v.                    )   **TRUST INTERNATIONAL OF**
                                  )   **CALIFORNIA'S MOTION TO**
14                                )   **JOIN AS COUNTER-**
    The Northwestern Mutual       )   **DEFENDANTS FIDUCIARY**
15  Life Insurance Company, and   )   **TRUST COMPANY**
    Does 1 through 50,            )   **INTERNATIONAL AND**
16  inclusive                     )   **FRANKLIN TEMPLETON**
                                  )   **COMPANIES, LLC** [94]
17                  Defendant.    )
                                  )
18  _____)
                                  )
19  The Northwestern Mutual       )
    Life Insurance Company, a     )
20  Wisconsin corporation,        )
                                  )
21          Counter-Claimants,    )
                                  )
22          v.                    )
                                  )
23  P. Kellie C. Brimberry, an    )
    individual; Fiduciary Trust   )
24  International of              )
    California, a California       )
25  corporation; and Does 1       )
    through 10, inclusive,        )
26                                )
            Counter-Defendants.   )
27  _____)

28

                                 1

1     Currently before the Court is Counter-Defendant
2  Fiduciary Trust International of California's
3  ("Fiduciary") Motion to Join as Counter-Defendants
4  Fiduciary Trust Company International ("FTCI") and
5  Franklin Templeton Companies, LLC ("Franklin") [94].
6  The Court, having reviewed all papers submitted
7  pertaining to this Motion, **NOW FINDS AND RULES AS**
8  **FOLLOWS:** The Court **DENIES** Fiduciary's Motion.
9                          **I. BACKGROUND**
10     Prior to Kurt Brimberry's ("Mr. Brimberry") death
11  in 2012, The Northwestern Mutual Life Insurance Company
12  ("Northwestern") issued two life insurance policies
13  ("Policies") to Mr. Brimberry, which specified that in
14  the event of his death, the Policies' benefits would be
15  given to a beneficiary as designated by Mr. Brimberry.
16  Mr. Brimberry died in August 2012 of unknown causes.
17  At the time of his death, the Policies provided a net
18  benefit of $3,501,691.46, and the sole designated
19  beneficiary under the Policies was P. Kellie C.
20  Brimberry ("Mrs. Brimberry").  On August 31, 2012, Mrs.
21  Brimberry notified Northwestern of a claim for benefits
22  under the Policies.  While investigating Mrs.
23  Brimberry's claim, Northwestern was contacted by
24  counsel for Fiduciary, the company for which Mr.
25  Brimberry had worked from November 2001 until his
26  termination on August 14, 2012.  Fiduciary's counsel
27  asserted that Fiduciary had an interest in the benefits
28  payable under the Policies because Mr. Brimberry had

embezzled funds from Fiduciary during his employment there and had used the embezzled funds to pay some or all of the Policies' premiums.  On November 29, 2012, Fiduciary's counsel wrote to Northwestern on behalf of both Fiduciary and Mrs. Brimberry, making a joint demand that Northwestern stay further processing of their separate claims for benefits while Fiduciary and Mrs. Brimberry attempted to informally resolve their competing claims.

Mrs. Brimberry instigated the present Action against Northwestern in California state court on December 5, 2012, for failure to pay benefits due to Mrs. Brimberry under the Policies [1].  On January 8, 2013, Northwestern removed the Action to this Court [1] and filed a Counterclaim in Interpleader pursuant to Federal Rule of Civil Procedure 22 against Mrs. Brimberry, Fiduciary, and Does 1 through 10, alleging that Northwestern was unable to determine which of the claimants, as between Mrs. Brimberry and Fiduciary, was entitled to policy benefits [3].  Although Mrs. Brimberry and Northwestern subsequently stipulated to the dismissal of Mrs. Brimberry's Complaint against Northwestern [23, 24], Northwestern's counterclaim in interpleader remains.

Fiduciary filed the instant Motion to Join as Counter-Defendants FTCI and Franklin on January 14, 2014 [94].  Concurrent with the Motion to Join, Fiduciary filed an Ex Parte Application to Shorten Time

for Hearing to January 29, 2014 [95], which this Court denied [101].

Fiduciary's Motion to Join as Counter-Defendants FTCI and Franklin was set for hearing on February 11, 2014, and was taken under submission on February 5, 2014 [127].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 19 describes the requirements for determining whether an absent party is necessary in an Action:

(a) Persons Required to Be Joined if Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

To determine whether Rule 19 requires the joinder

4

of additional parties, the court may consider evidence outside the pleadings.  McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir. 1960); Estate of Burkhart v. United States, C 07-5467 PJH, 2008 WL 4067429, at *2 (N.D. Cal. Aug. 26, 2008); Behrens v. Donnelly, 236 F.R.D. 509, 512 (D. Haw. 2006) (citing Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure: Civil 3d. § 1359 at 68 (2004)).

### III. ANALYSIS

In order to determine whether joinder of FTCI and Franklin is required pursuant to Federal Rule of Civil Procedure 19, the Court must decide whether FTCI and Franklin are "necessary" parties to this Action. Wilbur v. Locke, 423 F.3d 1101, 1112 (9th Cir. 2005), *abrogated on other grounds by* Levin v. Commerce Energy, Inc., 560 U.S. 413 (2010).

A party may be necessary under Rule 19(a) in three different ways.  First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties. Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest. Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of

1     that interest.

2   Salt River Project Agr. Imp. & Power Dist. v. Lee, 672

3   F.3d 1176, 1179 (9th Cir. 2012) (internal citations

4   omitted).   Although the first and third means of being

5   deemed a "necessary party" do not apply to FTCI and

6   Franklin in the context of this case, and Fiduciary

7   does not argue otherwise, FTCI and Franklin do appear

8   to have a legally protected interest in this Action

9   based on their claims of entitlement to the same death

10  benefit proceeds that Mrs. Brimberry seeks.   If FTCI's

11  and Franklin's interests in this Action will be

12  impaired or impeded by resolution of the case in their

13  absence, then FTCI and Franklin are necessary parties

14  that should be joined.

15     Fiduciary asserts that both FTCI and Franklin claim

16  "interest[s] relating to the subject matter of the

17  action," - the proceeds payable under the Northwestern

18  Mutual policies insuring Mr. Brimberry's life.   Mot.

19  3:20-4:2.   Thus, Fiduciary asserts that FTCI and

20  Franklin are "so situated that disposing of [this]

21  action in [their] absence may" . . . "as a practical

22  matter impair or impede [their] ability to protect

23  [those] interest[s]."   Id. at 5:7-10.

24     However, to the extent that the interests of FTCI

25  and Franklin may be impaired, "[i]mpairment may be

26  minimized if the absent party is adequately represented

27  in the suit."   Pac. Coast Fed'n of Fishermen's Ass'ns

28  v. U.S. Dept of the Interior, No. 1:12-CV-01303-LJO,

2013 WL 923407, at *19 (E.D. Cal. Mar. 8, 2013).  The
Ninth Circuit has set forth three factors to be used in
determining whether an existing party adequately
represents the interests of an absent party:

> (1) whether the interests of a present party to
> the suit are such that it will undoubtedly make
> all of the absent party's arguments; (2) whether
> the party is capable of and willing to make such
> arguments; and (3) whether the absent party
> would offer any necessary element to the
> proceedings that the present parties would
> neglect.

Salt River, 672 F.3d at 1180 (internal quotation marks
omitted).

In other words, an absent party with an interest in
the action is not a necessary party under Rule 19(a)
"if the absent party is adequately represented in the
suit."  Id. (citing Shermoen v. United States, 982 F.2d
1312, 1318 (9th Cir. 1992) (citation and internal
quotation marks omitted)).

Here, Fiduciary can be expected to adequately
represent Franklin's and FTCI's interests in this case.
First, Fiduciary's interests are aligned with the
interests of FTCI and Franklin.  Notably, Fiduciary,
Franklin, and FTCI asserted a *joint* claim to the death
benefit proceeds (Hoffman Decl. ¶ 2, Ex. A) and there
is no evidence that Fiduciary has an ulterior claim to
the proceeds that competes with or is adverse to FTCI's

and Franklin's claims to the same.  Second, there is no reason to believe that Fiduciary cannot or will not make any reasonable argument that FTCI or Franklin would make if they were parties.  Third, there is no indication that FTCI or Franklin would offer any necessary element to the action that Fiduciary would neglect.  See id. at 1180-81.  Indeed, none of the Parties argue otherwise.  Therefore, because Fiduciary adequately represents FTCI's and Franklin's interests here, the Court finds that FTCI and Franklin are not necessary parties that need to be joined in this Action.  Accordingly, the Court **DENIES** Fiduciary's Motion to Join FTCI and Franklin in this Action.

**IV. CONCLUSION**

Based on the foregoing, the Court **DENIES** Fiduciary's Motion to Join as Counter-Defendants FTCI and Franklin.

**IT IS SO ORDERED.**

DATED: February 20, 2014

RONALD S.W. LEW
_____

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge